### JONES v. NATIONAL BANK OF CHESTER COUNTY et al.

### No. 5288.

Circuit Court of Appeals, Third Circuit.
July 16, 1934.

Rehearing Denied Aug. 28, 1934.

Charlotte F. Jones, of West Chester, Pa., pro. per.

Ernest Harvey and A. M. Holding, both of West Chester, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree by the District Court for the Eastern District of Pennsylvania. The complainant's bill in eq-

uity contains 72 paragraphs of allegations of mixed law and fact, 48 paragraphs of so-called questions of law, and 41 paragraphs of prayers for relief.

The facts which we deduce from the record are as follows: The complainant's mother, by will probated in 1923, appointed John Ralston Jones and the National Bank of Chester County, now known as the National Bank of Chester County & Trust Company, executors and trustees. She devised her house and lot in West Chester, Pa., to her executors in trust for the purpose of maintaining a home for her three children, Charlotte F. Jones, the complainant, John Ralston Jones, one of the respondents, and Elliot P. Jones. The remainder of the estate was devised to her executors in trust to pay out of the net income a monthly allowance of $150 to John Ralston Jones for the maintenance of the home and to pay the balance in equal shares to each of the three children. The will provided for the distribution of the principal upon the termination of the trust.

The bill attacked the validity of the will, the conduct of the executors, and the right of the National Bank of Chester County to act as executor. It also attacked the right of the First National Bank of West Chester to act as guardian of Elliot P. Jones who has been legally declared insane, and named it codefendant because of its refusal to join as party plaintiff. The respondents moved to dismiss, alleging that the complainant had filed a bill containing substantially the same facts and raising substantially the same questions of law in the court of common pleas of Chester county; that that court had adjudicated the cause against the complainant; and that the Supreme Court of Pennsylvania had non prossed the complainant's appeal. The respondents therefore contended that the federal District Court had no jurisdiction because the matter was res adjudicata. The main issue, however, raised by the respondents upon their motion to dismiss was that the District Court had no jurisdiction because no federal question was involved. The complainant countered by moving to dismiss the motion to dismiss. The District Court concluded that it had no jurisdiction and dismissed the bill. The appeal is from that decree.

The complainant contends that the court below had jurisdiction to hear and determine the issues involved because her rights are dependent upon the interpretation, construction, and constitutionality of an act of Congress, namely, 38 Stat. 261, as amended by 40 Stat. 968 (12 USCA § 248 (k) ), and that

therefore the controversy is one which arises under the Constitution and laws of the United States.

Federal District Courts have jurisdiction where the amount exceeds $3,000 in a controversy which (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority; or (b) is between citizens of different states; or (c) is between citizens of a state and foreign states, citizens, or subjects. It is conceded that there is no diversity of citizenship involved. The only suggested ground for original jurisdiction is that the controversy is one arising under the Constitution or laws of the United States.

12 USCA § 248 (k), which is the act of Congress under attack, provides:

"The Federal Reserve Board shall be authorized and empowered: * * *

"(k) *Permitting national banks to act as trustees, etc.*

"To grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located. * * * *"

The banking corporations named as defendants below had been granted permits by the Federal Reserve Board under the terms of the above cited act.

The contention that national banks may not, with the consent of the Federal Reserve Board, act as trustee, executor, or guardian, we think, is untenable. In First National Bank of Bay City v. Fellows ex rel. Union Trust Co., 244 U. S. 416, 37 S. Ct. 734, 61 L. Ed. 1233, L. R. A. 1918C, 283, Ann. Cas. 1918D, 1169, the Supreme Court held that, under the terms of the above-cited act, Congress did not exceed its constitutional powers through granting authority to the Federal Reserve Board to regulate the conduct of national banks. In view of that holding of the Supreme Court, the pleading averring that the act is unconstitutional is not enough to give the District Court original jurisdiction. In Newburyport Water Co. v. Newburyport, 193 U. S. 561, 24 S. Ct. 553, 556, 48 L. Ed. 795, the court said: "If jurisdiction is to be determined by the mere fact that the bill alleged constitutional questions, there was, of

course, jurisdiction. But that is not the sole criterion. On the contrary, it is settled that jurisdiction does not arise simply because an averment is made as to the existence of a constitutional question, if it plainly appears that such averment is not real and substantial, but is without color of merit."

Since the statute, which the complainant alleges to be invalid and unconstitutional, has been adjudicated valid and constitutional, the District Court properly dismissed the bill. Our conclusion being that the learned District Judge did not err in his determination of that fundamental issue, we do not deem it necessary to discuss the issue of res adjudicata or the other numerous issues raised by the complainant.

Decree affirmed.